# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3329-17T1

J.R.B.,

    Plaintiff-Respondent,

v.

K.M.B.,

    Defendant-Appellant.

_____

> Submitted October 2, 2019 – Decided November 7, 2019
>
> Before Judges Sabatino and Sumners.
>
> On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Camden County, Docket No. FV-04-1925-18.
>
> Craig Annin & Baxter LLP, attorneys for the appellant (Jeffrey Scott Craig, on the brief).
>
> Respondent has not filed a brief.

PER CURIAM

    Following a January 23, 2018 hearing addressing the married parties' cross-complaints of harassment under the Prevention of Domestic Violence Act

(Act), N.J.S.A. 2C:25-17 to -35, the trial judge issued final restraining orders (FRO) against each party for the reasons expressed in his oral decision. Only K.M.B (Karen)[1] appeals, arguing:

> POINT I – THE TRIAL COURT'S ENTRY OF THE FINAL RESTRAINING ORDER VERSUS APPELLANT SHOULD BE OVERTURNED AND THE FRO VACATED BECAUSE RESPONDENT FAILED TO PROVE THE PREDICATE ACT OF HARASSMENT.
>
> A. Standard of Review.
>
> B. There Is No Evidence That Appellant Acted With Purpose To Harass.
>
> POINT II – THERE IS NO EVIDENCE THAT RESPONDENT FEARED FOR HIS SAFETY OR THAT A FINAL RESTRAINING ORDER WAS NECESSARY TO PREVENT FUTURE ABUSE.

Based upon the arguments presented and applicable law, we affirm.

We discern the following facts from the FRO hearing, in which neither party were represented by counsel, pertinent to the claims made against Karen by J.R.B. (James). The parties had been married for almost six years, but were estranged – living apart across the street from each other – when the conduct

---

[1] We use pseudonyms for the convenience of the reader, and to protect the parties' privacy.

A-3329-17T1

arose that formed the basis of the their cross-complaints. After James was released from county jail,[2] he told Karen he did not want to be with her anymore, and, according to his count, she texted and called him "at least 172 times . . . , within a 48 hour period[, about] just nutty things and all kinds of crazy things." This included Karen's accusation that James was having an affair with her friend. When James texted her to "just please leave me alone," she replied, "you're going to be sorry that you did this."

After the judge examined the text messages on James's cell phone, he asked James whether he was afraid for "[his] safety or health." James replied, "Oh, yes. Yeah. I'm afraid she would do something even to stab herself and try to blame it on me." James further reiterated he was afraid because "[j]ust the way she talks and [talks] about her brother." James was on ISP because of a conviction arising from a violent incident with Karen's brother. James' sister testified that James and Karen had a "toxic" relationship.

In her testimony, Karen denied making any threatening calls or texts to James. She testified regarding previous incidences of domestic violence. She

---

[2]  James testified he was in jail "because [Karen] called [his] ISP [(Intense Supervision Probation)] officer an asshole."

A-3329-17T1

argues before us that James failed to prove she harassed him and he was fearful of his safety from her future conduct.

Our review of a trial court's factual findings is limited. Cesare v. Cesare, 154 N.J. 394, 411 (1998). Findings by the trial court "are binding on appeal when supported by adequate, substantial, credible evidence." Id. at 411-12 (citing Rova Farms Resort, Inc. v. Investors Ins. Co., 65 N.J. 474, 484 (1974)). "Appellate courts should defer to trial courts' credibility findings that are often influenced by matters such as observations of the character and demeanor of witnesses and common human experience that are not transmitted by the record." State v. Locurto, 157 N.J. 463, 474 (1999).

An FRO may issue only if the judge finds the parties have a relationship bringing the complained of conduct within the Act, N.J.S.A. 2C:25-19(d); the defendant committed an act designated as domestic violence, N.J.S.A. 2C:25-19(a); and the "restraining order is necessary, upon an evaluation of the factors set forth in N.J.S.A. 2C:25-29(a)(1) to -29(a)(6), to protect the victim from an immediate danger or to prevent further abuse." Silver v. Silver, 387 N.J. Super. 112, 125-27 (App. Div. 2006).

Relevant here, the predicate act of harassment is defined in N.J.S.A. 2C:33-4(a) and -(c), as when a person "with purpose to harass another":

a. Makes, or causes to be made, a communication or communications anonymously or at extremely inconvenient hours, or in offensively coarse language, or any other manner likely to cause annoyance or alarm;

. . . .

c. Engages in any other course of alarming conduct or of repeatedly committed acts with purpose to alarm or seriously annoy such other person.

Harassment requires the defendant to act with the purpose of harassing the victim. J.D. v. M.D.F., 207 N.J. 458, 486 (2011). "A finding of a purpose to harass may be inferred from the evidence presented," and a judge may use "[c]ommon sense and experience" to determine a defendant's intent. State v. Hoffman, 149 N.J. 564, 577, (1997). To that end, judges should consider the totality of the circumstances to determine whether an underlying act of harassment in the context of domestic violence has occurred. Id. at 584-85.

Applying those principles here, we conclude there is no basis to disturb the factual findings or legal conclusions of the trial judge. Both parties testified. The judge had ample opportunity to assess their credibility, and found they were guilty of harassing each other. We are satisfied the record supports the trial judge's determination that based upon the parties' toxic relationship, Karen's texts constitute harassment as they were meant to seriously annoy and alarm James. Contrary to Karen's contention on appeal, the judge did not find her

5

guilty of harassment based upon the evidence of a photo showing Karen giving "the finger" to no one in particular at the direction of a camera located at James' sister's house. We likewise discern no cause to upset the judge's finding that an FRO was necessary to protect James from further harassment considering the deterioration of his marital relationship and his testimony that he was fearful of Karen's potential future conduct. The finding is based upon the judge's finding that James' testimony was credible, to which we must defer.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION